UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VEGA, JR.,<br><br>        Petitioner,<br><br>   v.<br><br>DAVE DAVEY, Warden,<br><br>        Respondent. | Case No. 1:14-cv-00660-SKO-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM (D0C. 1),<br>DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,<br>AND DIRECTING THE CLERK TO CLOSE THE CASE |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by Petitioner and filed by Petitioner on May 16, 2014. Pending before the Court is the petition, which was filed on May 5, 2014.

    I.   Screening the Petition

    Rule 4 of the Rules Governing § 2254 Cases in the United States

1

District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the California State Prison at Corcoran, California, serving a sentence of life

without the possibility of parole imposed by the Superior Court of the State of California, County of Santa Clara, for murder with special circumstances sustained on or about May 23, 2008. Petitioner alleges he has suffered violations of state visiting regulations and state statutes due to his prison's failure to give inmates sufficient opportunities to visit with their visitors. Petitioner seeks an increase in the number of visiting tables and in the duration and frequency of visits.

II.  Conditions of Confinement

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time.  Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)).

A court will not infer allegations supporting federal jurisdiction.  A federal court is presumed to lack jurisdiction unless the contrary affirmatively appears; thus, federal subject matter jurisdiction must always be affirmatively alleged.  Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Regarding prison disciplinary proceedings, a constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. §2254. See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings). The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement of immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 500. Thus, such claims are within the core of habeas corpus jurisdiction.

Cases in this circuit have recognized a possibility of habeas jurisdiction in suits that do not fall within the core of habeas corpus. Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (expungement of disciplinary finding likely to accelerate eligibility for parole); Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (a claim challenging the constitutionality of the frequency of parole reviews, where the prisoner was seeking only equitable relief, was held sufficiently related to the duration of

4

confinement).  However, relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not necessarily imply the invalidity of continuing confinement.  <u>Docken v. Chase</u>, 393 F.3d at 1030 (characterizing <u>Neal v. Shimoda</u>, 131 F.3d 818 (9th Cir. 1997) as holding that a § 1983 suit is an appropriate remedy for challenges to conditions [there, administrative placement in a sex offender program affecting eligibility for parole] which do not necessarily imply the invalidity of continuing confinement); <u>Ramirez v. Galaza</u>, 334 F.3d 850, 852, 858 (9th Cir. 2003).

Here, Petitioner's claims do not relate to or affect the duration of his confinement; they concern only the conditions of his confinement.  Petitioner has submitted complete documentation of his attempts to exhaust administrative and state court remedies with respect to his claims, but neither Petitioner's express allegations nor the submissions contain specific facts that demonstrate that as a result of the challenged procedures, the legality or duration of Petitioner's confinement, as distinct from the conditions of his confinement, was affected.

Thus, the Court concludes that Petitioner has failed to state facts that would entitle him to relief in a proceeding pursuant to 28 U.S.C. § 2254 because this Court's review is limited to matters that would affect the legality or duration of Petitioner's confinement.

III.   <u>Remedy</u>

Because Petitioner has already submitted complete documentation of the challenged process, it does not appear possible that if leave to amend were granted, Petitioner could allege a tenable claim

5

relating to the legality or duration of his confinement. Accordingly, Petitioner's habeas petition will be dismissed without leave to amend.

Although the Court lacks habeas corpus jurisdiction over the claims concerning conditions of confinement, the Court could construe Petitioner's claims as a civil rights complaint brought pursuant to 42 U.S.C. § 1983.  See, Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  However, the Court declines to construe the petition as a civil rights complaint because of various differences in the procedures undertaken in habeas proceedings on the one hand, and civil rights actions on the other.

First, if the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds. 28 U.S.C. §§ 1914, 1915(b).  The dismissal of this action at the pleading stage would not terminate Petitioner's duty to pay the $350 filing fee.  Here, the petition was not accompanied by the $350 filing fee.

Another omission from the petition that affects the Court's decision not to construe it as a civil rights complaint is Petitioner's failure to identify the capacity in which the named respondent would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity.  Additionally, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  It is not clear that all of

6

Petitioner's allegations state civil rights claims.  If the pleading ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and any future civil rights action he might bring.

Based on the foregoing, the court concludes that the petition must be dismissed so Petitioner himself may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint.

### IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional

7

right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will not issue a certificate of appealability.

V. Disposition

Based on the foregoing, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without leave to amend for Petitioner's failure to state facts that would entitle him to relief in a proceeding pursuant to 28 U.S.C. § 2254;

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action because the dismissal terminates it in its entirety.

IT IS SO ORDERED.

Dated: **June 3, 2014**           **/s/ Sheila K. Oberto**
                                  UNITED STATES MAGISTRATE JUDGE